983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Charles D. ROSELIN.
 No. 92-1481.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Commissioner of Patents and Trademarks moves to dismiss Charles D. Roselin's appeal for lack of jurisdiction. Roselin opposes.
 
 
 2
 On November 20, 1990, the Board of Patent Appeals and Interferences affirmed the examiner's final rejection of Roselin's patent application relating to a stereo speaker system. Roselin did not appeal. On January 15, 1991, Roselin filed a notice of continuation. On February 4, 1992, the examiner entered a final rejection of the new claims. Roselin did not appeal the examiner's rejection to the Board. Instead, on July 20, 1992, Roselin filed a notice of appeal seeking review of both the Board's November 20, 1990 decision and the examiner's rejection of the new claims.
 
 
 3
 Roselin was entitled to appeal the Board's initial November 20, 1990 decision to this court. However, under 37 C.F.R. § 1.304(a), "[t]he time for filing the notice of appeal to the U.S. Court of Appeals for the Federal Circuit ... is two months from the date of the decision of the Board of Patent Appeals and Interferences." Thus, Roselin's appeal filed nearly two years after the Board's final decision is untimely.
 
 
 4
 Pursuant to 35 U.S.C. § 141, "[a]n applicant dissatisfied with the decision in an appeal to the Board of Patent Appeals and Interferences under section 134 of this title may appeal the decision to the United States Court of Appeals." Thus, Roselin may not appeal the examiner's decision; he may only appeal a final Board decision.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The Commissioner's motion to dismiss is granted.